# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANGELLA GLENN OSELEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 15-2739-STA-dkv |
| | ) |
| JUDGE LONNIE THOMPSON, | ) |
| JUDGE BETTY J. THOMAS MOORE, | ) |
| and JUDGE LYNN COBB, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT &
RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Before the Court is the Chief United States Magistrate Judge's Report and Recommendation for the *sua sponte* dismissal of Plaintiff Angella Glenn Oselen's Pro Se Complaint (ECF No. 1) submitted November 23, 2015. Plaintiff filed timely objections (ECF No. 6) on November 30, 2015. For the reasons set forth below, the Magistrate Judge's Report and Recommendation for *sua sponte* dismissal is **ADOPTED**. Plaintiff's Pro Se Complaint is **DISMISSED**.

## BACKGROUND

On November 12, 2015 Plaintiff filed a Pro Se Complaint alleging violations of the Racketeering Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–1968, and the Sherman Antitrust Act, 15 U.S.C. §§ 1–7. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Pursuant to Administrative Order 2013-05, the case was assigned to the Chief United States Magistrate Judge for management of

all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. In cases where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required to screen the complaint and dismiss the action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[1] The Chief Magistrate Judge's report and recommendation (ECF No. 5) constituted the Court's screening.

The Chief Magistrate Judge entered an order granting Plaintiff's motion to proceed *in forma pauperis* and submitted a recommendation that the Court dismiss Plaintiff's Pro Se Complaint *sua sponte* for failure to state a claim on November 23, 2015. The Chief Magistrate Judge found that the Pro Se Complaint failed to state a clam against any of the Defendants named therein,[2] and dismissal is warranted pursuant to 28 U.S.C. § 1915.

Plaintiff filed her objections to the recommendation of the Chief Magistrate Judge within the fourteen (14) days permitted on November 30, 2015.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[3] After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations

---

[1] 28 U.S.C. § 1915(e)(2).

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–57 (2007).

[3] 28 U.S.C. § 636(b)(1)(C).

made" by the Chief United States Magistrate Judge.[4] However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object.[5] The Court may adopt the findings and rulings of the Chief Magistrate Judge to which no specific objection is filed.[6]

## ANALYSIS

Plaintiff objects to the Chief United States Magistrate Judge's recommendation that her claims against all Defendants were barred by judicial immunity, arguing that each Defendant judicial officer acted to "subvert Tennessee law" and "outside of Tennessee law to implement his [or her] own personal volition."[7] As discussed by the Chief Magistrate Judge, members of the judiciary have long held absolute immunity from civil liability in the performance of their duty.[8] This immunity precludes even accusations of malice and corruption.[9] The immunity may be overcome in only two instances: (1) when the judge's actions were not taken in a judicial capacity[10] or (2) in a

---

[4] *Id.*

[5] *Thomas v. Arn,* 474 U.S. 140, 149–52 (1985).

[6] *Id.*

[7] Obj. to Dismiss R. & R. 2 (Nov. 30, 2015).

[8] *Mireles v. Waco*, 502 U.S. 9 (1991) (citing *Forrester v. White*, 484 U.S. 219 (1988); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980); *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967)). *See also Bradey v. Fisher*, 80 U.S. 335, 347–48 (1872) (discussing judicial immunity's roots in English common law).

[9] *Mireless*, 502 U.S. at 11 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815–17 (1982); *Pierson*, 386 U.S. at 554).

complete absence of all jurisdiction.[11]  An action taken in a judicial capacity is the performance of "the type of act normally performed only by judges . . . in his [or her] capacity as . . . Judge."[12]

In her Pro Se Complaint, Plaintiff alleges that in June and July 2015 she appeared before the Defendant judicial officers on behalf of her mentally disabled daughter. According to Plaintiff, each Defendant refused to recognize her durable power of attorney to act for her daughter.  Accepting these allegations as true, Plaintiff has merely alleged that each Defendant abused his or her authority as a judge.  Even if that were true, each Defendant would enjoy judicial immunity as a complete bar to Plaintiff's claims.[13] Plaintiff's objection to the Chief Magistrate Judge's Report must be overruled.  The Court adopts the Chief Magistrate Judge's Report and Recommendation and dismisses Plaintiff's Pro Se Complaint pertaining to Defendant Thomas Moore *sua sponte* for failure to state a claim.

## APPELLATE ISSUES

The final issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*.  An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.[14]  The good faith standard is an

---

[10] *Forrester*, 484 U.S. at 227–28 (citing *Stump*, 435 U.S. at 363, n. 12; *Ex parte Virginia*, 100 U.S. 339 (1880); *Bradley*, 80 U.S. at 351).

[11] *Stump*, 435 U.S. at 356–57 (citing *Bradley*, 80 U.S. at 351–52).

[12] *Id.* at 363.

[13] *Bradley*, 80 U.S. at 351.

[14] 28 U.S.C. § 1915(a)(3).

objective one.[15] An appeal is not taken in good faith if the issue presented is frivolous.[16] It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[17] The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[18] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be

---

[15] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[16] *Id.*

[17] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

[18] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

reinstated once the fee is paid.[19]

## **CONCLUSION**

For the foregoing reasons, the Report and Recommendation of the United States Chief United States Magistrate Judge is adopted. Plaintiff's Pro Se Complaint is dismissed *sua sponte*.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 27, 2016.

---

[19] *McGore*, 114 F.3d at 610.